# United States Court of Appeals for the Federal Circuit

---

**SEAN A. RAVIN,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1532

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-285, Judge Coral Wong Pietsch, Judge Joseph L. Falvey, Jr., Senior Judge Robert N. Davis.

---

Decided: April 20, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ERIC PETER BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTA A. SHRIBER, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

CHEN, *Circuit Judge.*

The Department of Veteran Affairs (VA) Regional Office in Muskogee, Oklahoma (RO) denied an attorney's request that the RO withhold his attorney's fees from an award of a veteran's past-due benefits, pursuant to a direct-pay fee agreement with the veteran, and pay those fees directly to the attorney under 38 U.S.C. § 5904(d). By statute, an attorney "represent[ing] a person before [VA]" must "file a copy of any fee agreement" with VA "pursuant to regulations prescribed by the Secretary." 38 U.S.C. § 5904(c)(2). One such regulation is 38 C.F.R. § 14.636(h)(4), which requires the attorney to file "a copy of the [direct-pay] fee agreement" with "the agency of original jurisdiction" (the relevant RO) "within 30 days of the date of execution of the agreement." Because the attorney did not comply with that regulatory filing requirement, the Court of Appeals for Veterans Claims (Veterans Court) held that VA was not obligated to withhold the attorney's fees from the veteran's past-due benefits and pay those fees directly to the attorney. *Ravin v. Wilkie*, 30 Vet. App. 310, 316 (2018). For the reasons explained below, we *affirm*.

## I.  BACKGROUND

The appellant, attorney Sean A. Ravin, represented veteran Norman E. Cook before VA as to Mr. Cook's claim for past-due disability benefits. On December 1, 2009, Mr. Ravin and Mr. Cook entered into an attorney fee agreement entitling Mr. Ravin to "a contingent fee equal to twenty percent (20%) of past-due benefits awarded due to or flowing from" his representation of Mr. Cook. The fee agreement further contemplated that VA would withhold the contingent fee amount from any past-due benefits awarded and pay that amount directly to Mr. Ravin. J.A. 46 ("Client hereby authorizes and directs the VA to

withhold 20% of past-due benefits awarded and to make direct payment to Attorney."); *see* 38 U.S.C. § 5904(d)(3) (providing that VA "may" direct payment of the fee "out of the such past-due benefits" pursuant to an attorney fee agreement); 38 C.F.R. § 14.636(g)(2) ("A direct-pay fee agreement is a fee agreement between the claimant . . . and an . . . attorney providing for payment of fees out of past-due benefits awarded directly to an . . . attorney."). Within a few days of executing the direct-pay fee agreement, Mr. Ravin sent a copy of the fee agreement to the Board of Veterans' Appeals (Board), where it was date stamped as received on December 11, 2009. No copy of that fee agreement, however, was submitted to the RO "within 30 days of the date of execution of the agreement," as required by 38 C.F.R. § 14.636(h)(4).[1]

Mr. Cook received a favorable ruling from the Board on his claim in March 2010, and the RO implemented that decision by awarding past-due benefits to Mr. Cook in April 2010. On April 13, 2010, the Attorney Fee Coordinator at the RO searched for any attorney fee agreement on file but did not find one. As a result, the Attorney Fee Coordinator determined that "no attorney fee decision is required" and "[a]ll retroactive benefits may be paid directly to the veteran." J.A. 67. Subsequently, on April 19, 2010, the RO paid the full amount of past-due benefits to Mr. Cook. J.A. 80–81.

On April 27, 2010, Mr. Ravin mailed a copy of his direct-pay fee agreement with Mr. Cook to the RO and requested direct payment of his attorney's fees from Mr. Cook's past-due benefits. J.A. 72–79. The RO subsequently informed Mr. Ravin that it had not withheld his attorney's fees from Mr. Cook's past-due benefits payment

---

[1] The applicable regulations are those in effect at the time of execution of the fee agreement in December 2009. *See* J.A. 46–50.

and that it thus would not directly pay those fees to Mr. Ravin.  The RO explained that Mr. Ravin's direct-pay fee agreement was "not timely filed" in accordance with 38 C.F.R. § 14.636(h)(4) because Mr. Cook had failed to file a copy of the fee agreement with the RO within 30 days of its execution.  J.A. 80–82.

Mr. Ravin filed a Notice of Disagreement with the RO's decision, and the Board denied his claim for payment of attorney's fees by VA.  After a long procedural history, the Veterans Court issued the decision now on appeal to this court, in which the Veterans Court affirmed the Board's denial of Mr. Ravin's claim.

## II.  DISCUSSION

We have jurisdiction to review challenges to Veterans Court decisions regarding the interpretation or validity of a statute or regulation.  38 U.S.C. § 7292(c).  In conducting that review, we must "decide all relevant questions of law."  38 U.S.C. § 7292(d)(1).  "[S]tatutory interpretations by the Veterans Court are reviewed de novo" by this court.  *Cook v. Principi*, 353 F.3d 937, 938 (Fed. Cir. 2003).  "Interpretations of regulations . . . may only be set aside if they are: '(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law.'"  *Id.* (quoting 38 U.S.C. § 7292(d)(1)).  At issue here is the interpretation of 38 U.S.C. § 5904(d) and 38 C.F.R. § 14.636(g)(3) and (h)(4).

Section 5904 establishes the framework for attorneys to represent benefits claimants at VA on a contingent-fee basis.  It provides, among other things, that the parties may agree that the contingent fee "is to be paid to the agent or attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim." 38 U.S.C. § 5904(d) (statutory provision for direct payment of

contingent fees). The statute then provides that, when there is such a direct-pay fee agreement, "[t]o the extent that past-due benefits are awarded in any proceeding . . . the Secretary *may* direct that payment of any fee to an agent or attorney . . . be made out of such past-due benefits." 38 U.S.C. § 5904(d)(3) (emphasis added).

Further, § 5904(c)(2) provides that an attorney who "represents a person before the Department [of Veteran Affairs] . . . shall file a copy of any fee agreement between them with the Secretary *pursuant to regulations prescribed by the Secretary*." 38 U.S.C. § 5904(c)(2) (emphases added). As relevant here, the "regulations prescribed by the Secretary" are 38 C.F.R. § 14.636(g)(3) and (h)(4), which set forth the 30-day filing requirement. Sections 14.636(g)(3) and (h)(4) require attorneys to file direct-pay fee agreements with the VA's "Office of the General Counsel" and "the agency of original jurisdiction within 30 days of the date of execution of the agreement." The "agency of original jurisdiction" in this case is the Muskogee RO. *See* 38 C.F.R. § 14.627(b) (The "[a]gency of original jurisdiction means the VA activity or administration that made the initial determination on a claim or matter or that handles any subsequent adjudication of a claim or matter in the first instance.").

Mr. Ravin concedes that he did not comply with the regulatory requirements relating to filing his direct-pay fee agreement with VA. His main contention in this appeal is that 38 U.S.C. § 5094(d)(3) *mandates* VA to withhold and directly pay attorney's fees from a past-due benefits award when there is an otherwise valid direct-pay fee agreement, and that the Veterans Court misinterpreted 38 C.F.R. § 14.636(g)(3) and (h)(4) to override the statutory mandate of § 5094(d)(3). Appellant's Br. at 7–8. The problem for Mr. Ravin is that no such mandate exists in the statute.

As in any case of statutory construction, our analysis begins with the language of the statute. *Estate of Cowart*

*v. Nicklos Drilling Co.*, 505 U.S. 469 (1992). Section 5904(d)(3) provides that "[t]o the extent that past-due benefits are awarded . . . the Secretary *may* direct that payment of any fee to an agent or attorney under a fee arrangement." 38 U.S.C. § 5094(d)(3) (emphasis added). We agree with the Veterans Court that the plain language of § 5904(d)(3) cannot be read as mandatory. The fact that § 5904(d)(3) uses the term "may" means the statute should not be read as mandatory. *See Andersen Consulting v. United States*, 959 F.2d 929, 932 (Fed. Cir. 1992) ("The use of the permissive 'may' instead of the mandatory 'shall,' [in a statute] authorizes the board to employ its discretion . . . .").

Where the statutory language provides a clear answer, the analysis ends there. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). "Beyond the statute's text, [the 'traditional tools of statutory construction'] include the statute's structure, canons of statutory construction, and legislative history." *Timex V.I. v. United States*, 157 F.3d 879, 882 (Fed. Cir. 1998). Here, since the language of § 5904(d)(3) is clear on whether its directive is mandatory or permissive, it is not necessary for us to go beyond the statutory language. Mr. Ravin's reliance on *Snyder v. Principi*, 15 Vet. App. 285 (2001) is of no help, because the Veterans Court in that case held that direct payment is mandatory "if the statutory and regulatory requirements are met." *Id.* at 291.

Moreover, we reject Mr. Ravin's assertion that the 30-day filing requirement of 38 C.F.R. § 14.636(g)(3) and (h)(4) is unenforceable. The Secretary "has authority to prescribe all rules and regulations which are necessary or appropriate to carry out" Congress's statutory directives. 38 U.S.C. § 501(a). In § 5904, Congress expressly confirmed the Secretary's authority in the context of filing attorney fee agreements by providing that an "attorney . . . shall file a copy of any fee agreement . . . with the Secretary *pursuant to regulations prescribed by the Secretary*." 38 U.S.C.

§ 5904(c)(2) (emphasis added).  "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation."  *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 843–44 (1984).  "Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute."  *Id.*  We agree with the Veterans Court that the 30-day filing requirement of 38 C.F.R. § 14.636(g)(3) and (h)(4), which is intended to allow VA to process direct-pay fee agreements as efficiently as possible, is eminently reasonable.  30 Vet. App. at 316.  The facts in this case, where the RO had already paid the veteran the full amount of past-due benefits before learning of the direct-pay fee agreement, illustrate the need for such a regulatory filing requirement.

Next, Mr. Ravin argues that VA's decision constitutes an improper "forfeiture of the attorney fee," given that none of the statutory and regulatory provisions explicitly set forth a "penalty" for failing to timely file a fee agreement. Appellant's Br. at 8, 14.  As an initial matter, we note that Mr. Ravin's earned fees have not been forfeited, as he remains entitled to use all available remedies to obtain them from his client, Mr. Cook, per their fee agreement.  As the Veterans Court correctly observed, VA has not seized or denied Mr. Ravin his fees; "it only has decided not to enter the role of paymaster because the appellant did not meet the requirements necessary for it to do so."  30 Vet. App. at 315.

We also agree with the Veterans Court that the natural, logical consequence of an attorney not complying with the direct-pay fee agreement regulations is that VA need not provide direct payment.  *Id.*  As already explained, VA "may," not shall, by statute provide for direct payment of fees per an attorney fee agreement.  38 U.S.C. § 5904(d)(3). 38 C.F.R. § 14.636(g) and (h), entitled "Fee agreements" and "Payment of fees by Department of Veterans Affairs

directly to an agent or attorney from past-due benefits," enumerate several requirements relating to direct-pay fee agreements under this rule. One of those requirements is the 30-day filing requirement with "the agency of original jurisdiction" in § 14.636(h)(4). The clear import of the regulation's structure is that VA will not assist in collecting any attorney's fees when the enumerated requirements are not met. Further, we see no evidence that such a consequence for failing to adhere to the regulatory filing requirement is arbitrary, capricious, or manifestly contrary to the statute.

## CONCLUSION

We have considered Mr. Ravin's remaining arguments, but we find them unpersuasive. Accordingly, we *affirm* the decision of the Veterans Court.

## **AFFIRMED**